UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.    **CV 15-2868-JFW (PJWx)**                                      Date:  June 5, 2015

Title:     Michael Daly -v- Allstate Insurance Company of California, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                                                              None

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT [filed 5/18/2015; Docket No. 16]

On May 18, 2015, Plaintiff Michael Daly ("Plaintiff") filed a Motion to Remand to State Court ("Motion to Remand").  On June 1, 2015, Defendants Allstate Insurance Company ("Allstate"), Allstate Insurance Company of California ("Allstate California"), and Allstate Property and Casualty Insurance Company ("Allstate Property") (collectively, "Defendants")  filed their Opposition.  The Court finds that no further briefing is necessary, and pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, finds that this matter is appropriate for decision without oral argument.  The hearing calendared for June 22, 2015 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 11, 2015, Plaintiff filed his Complaint against Allstate California and Does 1 to 50 in Los Angeles County Superior Court, alleging the following claims for relief: (1) Breach of Contract; and (2) Breach of the Covenant of Good Faith and Fair Dealing.  On March 25, 2015, Plaintiff filed Doe Amendment 1, naming Allstate, and Doe Amendment 2, naming Allstate Property.  Less than 30 days later, on April 17, 2015, Allstate filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Specifically, Allstate argues that, as evidenced by the insurance contract, it is the sole insuring entity, and that Allstate California, a citizen of California, has been fraudulently joined.  Plaintiff contends that Allstate California has not been fraudulently joined and moves to remand this action.

**II.    LEGAL STANDARD**

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

## III.    DISCUSSION

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Defendants have not met their burden of demonstrating that the parties are completely diverse, this action must be remanded.

Although both Plaintiff and Allstate California are citizens of California, Defendants contend that Allstate California has been fraudulently joined, and, thus, its presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. In fact, as the court stated in *Ontiveros v. Michaels Stores, Inc.*:

> A defendant removing based on alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies. Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the

heavy burden of showing fraudulent joinder has not been met.

2013 WL 815975 (C.D. Cal. Mar. 5, 2013).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  See *Plute*, 141 F. Supp. 2d at 1008
.
Defendants have failed to establish, by clear and convincing evidence, that there is no possibility that Plaintiff can state a claim against Allstate California.  Indeed, Plaintiff argues, in relevant part, that Allstate California may be held liable for breach of contract and breach of the covenant of good faith and fair dealing on an alter ego theory.  In response, Defendants argue that:

> Plaintiff's Alter Ego suggestion is baseless.  Plaintiff does not allege any facts that suggest a unity of interest and ownership between Defendant Allstate of California, Allstate Property and Allstate, the insuring entity that is a party to the insurance contract.  The complaint does not allege any facts suggesting the commingling of funds, the holding out by one entity that it is liable for the debts of the other, the use of the same offices and employees, or the use of one as a mere shell or conduit for the affairs of the other.  Furthermore, Plaintiff does not provide a reason for why it would be inequitable to treat Defendant Allstate California or Allstate Property as separate entities.

Opposition to Motion to Remand at p. 8.   While Plaintiff's Complaint is deficient in alleging an alter ego theory, the burden is on *Defendants* to demonstrate, by clear and convincing evidence, that Plaintiff has no possibility of alleging a claim against Allstate California. To meet this burden, Defendants could have, and should have filed, a declaration establishing, for example, that the entities do not commingle funds and assets, that the entities do not disregard corporate formalities, and that Allstate is adequately capitalized.  Moreover, Plaintiff has presented evidence that demonstrates there is at least a "non-fanciful possibility" that he can state a claim against Allstate California.  See *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002).  For example, Plaintiff has presented evidence that it was Allstate California, and not Allstate, who issued reimbursement checks to Plaintiff.

Accordingly, Defendants have failed to meet their burden in demonstrating fraudulent joinder.  Because the parties are not completely diverse, the Court lacks subject matter jurisdiction over this action.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  Plaintiff's request for sanctions is denied.  This action is hereby **REMANDED** to Los Angeles County Superior Court.


IT IS SO ORDERED.